NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EUPRAXIA A. GIANAKIS, :
:
      Plaintiff, :
: Civil Action No. 12-4268 (SRC)
v. :
: OPINION
HILTON TUCSON EL CONQUISTADOR :
GOLF AND TENNIS RESORT et al., :
:
      Defendants. :
:

**CHESLER**, District Judge

  This matter comes before the Court on Defendants Hilton Tucson El Conquistador Golf and Tennis Resort, Ashford Hospitality Trust, and Hilton Worldwide, Inc.'s (collectively "Defendants") motion to dismiss the Complaint and transfer venue. [docket entry #2] Plaintiff Eupraxia A. Gianakis's ("Gianakis" or "Plaintiff") has opposed the motion. The Court has considered the papers filed by the parties and has exercised its authority to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78.

  On June 12, 2012, Plaintiff filed the Complaint in New Jersey Superior Court, Law Division, Essex County, seeking damages arising out of an alleged slip-and-fall accident suffered while at Defendants' hotel. Defendants removed to this Court on the basis of diversity jurisdiction. Defendants now move to dismiss and transfer venue. For the reasons that follow, the Court will grant Defendants' motion in part, and the case will be transferred to the United

States District Court for the District of Arizona.  The remaining portions of Defendants' motion will be referred to the District of Arizona for resolution.

" For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404 (a).  28 U.S.C. § 1391(b) provides that a civil action may be brought in . . .

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Venue is proper in the District of Arizona, because the Complaint alleges that Plaintiff was injured by a dangerous condition on a walkway at Defendants' hotel in Tucson, Arizona.  Therefore,  "a substantial part of the events or omissions giving rise to the claim occurred" within the District of Arizona, and this Court may transfer the case pursuant to § 1404(a).

The Third Circuit has held that "[s]ection 1404(a) transfers are discretionary determinations made for the convenience of the parties and presuppose that the court has jurisdiction and that the case has been brought in the correct forum." Lafferty v. St. Riel, 495 F.3d 72, 76-77 (3d Cir. 2007).  In exercising its discretion, the transferor court must evaluate whether a venue transfer would further the goals of § 1404(a), which are "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . ." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).  This

evaluation calls for the Court to balance various private and public interests related to the transfer.  Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).  The party moving for a transfer of venue bears the burden of demonstrating that the balance of private and public factors weighs in favor of transfer.  Id.

In Jumara, the Third Circuit provided a list of factors a district court should consider in deciding whether to transfer a case under Section 1404(a).  The private interest factors are: (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses (only to the extent that the witnesses may actually be unavailable for trial in one of the fora); and (6) the location of books and records (only to the extent that the files could not be produced in the alternative forum).  Id.  The public interest factors are: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.  Id. at 879-80.

The Court finds that Jumara's private factors do not weigh strongly either for or against transfer.  The first private factor the Court considers is the Plaintiff's forum preference as manifested in her original choice.  Id. at 879.  In the Third Circuit, a plaintiff's choice of forum is a "paramount concern," and "[w]hen a plaintiff chooses his home forum, the choice is 'entitled to greater deference.'"  Ricoh Co. v. Honeywell, Inc., 817 F. Supp. 473, 480 (D.N.J. 1993) (quoting Sandvik, Inc. v. Continental Ins. Co., 724 F. Supp. 303, 307 (D.N.J. 1989)).  However, a

plaintiff's choice deserves less deference when the chosen forum has little connection to the facts underlying the claims.  See Wm. H. McGee & Co. v. United Arab Shipping Co., 6 F. Supp. 2d 283, 290 (D.N.J. 1997) (quoting Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (holding that deference is curbed when a plaintiff's choice of forum has little connection with the operative facts of the lawsuit)).  In this case, while Plaintiff chose to litigate in her home forum, the District of New Jersey has no connection to the facts underlying her claims.  As such, the Court gives Plaintiff's preference to litigate in New Jersey only modest deference.  See Wm. H. McGee & Co., 6 F. Supp. 2d at 290.  The fourth private factor, "the convenience of the parties as indicated by their relative physical and financial condition," id., also weighs modestly against transfer.  While neither Plaintiff nor Defendants have made any representations as to any financial hardship, Plaintiff argues that her advanced age and poor physical health would make it difficult for her to litigate in the District of Arizona.

      Other of Jumara's private factors weigh in favor of transfer.  The second private factor is the forum preference of the Defendants.  Jumara, 55 F.3d at 879.  As evidenced by their motion to transfer venue, Defendants prefer to litigate in the District of Arizona.  The third private factor is "whether the claim arose elsewhere."  Id.  Plaintiff's cause of action arose in Arizona, not New Jersey.

      The fifth and sixth private factors are "the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora . . . .; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum) . . . ."  Id. (internal citations omitted).  The Court does not consider either factor to be applicable in this case, where no party has represented that witnesses, books,

or records could not be made available in either forum.

After full consideration, this Court finds that the six <u>Jumara</u> private factors do not weigh strongly either for or against transfer. The Court is persuaded, however, that the <u>Jumara</u>'s "public factors" weigh decidedly in favor of transfer.

<u>Jumara</u>'s second public factor, which requires an inquiry into "practical considerations that could make the trial easy, expeditious, or inexpensive," <u>id.</u>, weigh heavily in favor of transfer. Plaintiff alleges that she was injured as a result of a defective walkway that was known to Defendants. Aside from Plaintiff and her daughter, both of whom live in New Jersey, it is extraordinarily likely that all liability witnesses reside in Arizona. At a minimum, these fact witnesses include the many hotel staff and security personnel that were on site on the date of the injury as well as any individuals who might have information on the allegedly dangerous condition, Defendants' knowledge of it, and any efforts made to warn patrons. Defendants also argue that trying this case will require testimony from professionals with knowledge of the design, construction, and maintenance of the walkway, as well as local safety standards, which Plaintiff disputes. In response, Plaintiff points out that her damages experts reside in New Jersey. But that testimony will be necessary only if Plaintiff prevails on the issue of liability. <u>See</u> <u>Bartolacci v. Corporation of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints</u>, 476 F. Supp. 381, 384 (E.D. Pa. 1979).

The third public factor, which concerns "the relative administrative difficulty in the two fora resulting from court congestion," <u>Jumara</u>, 55 F.3d at 879, also weighs modestly in favor of transfer. Defendants point out that the District of New Jersey currently has significantly more cases per judgeship than the District of Arizona. While this is far from dispositive, the Court

5

does note that speedy resolution of Plaintiff's case may well be served by transferring the case to a less congested district.

The fourth public factor, which relates to "the local interest in deciding local controversies at home," id., also weighs strongly in favor of transfer. No part of the events giving rise to Plaintiff's cause of action took place within the State of New Jersey. Instead, all of the relevant events took place in Arizona. As such, Arizona has an overriding interest in this local controversy.

The sixth of Jumara's public factors is the "familiarity of the trial judge with the applicable state law in diversity cases." Id. at 879-80. This factor also strongly favors transfer. It makes far more sense for the District of Arizona to hear this diversity case, since it will undoubtedly turn on interpretations and applications of Arizona tort law over which this Court has no particular expertise or experience.

Only two of Jumara's public factors do not weigh in favor of transfer: the first and fifth factors, which relate to "enforceability of the judgment," id. at 879, and the "public policies of the fora," id., respectively. Both factors are neutral considerations in this case. A judgment by either this Court or the District Court of the District of Arizona would be enforceable in either state, and there has been no argument that the public policies of the states of Arizona and New Jersey differ in important respects.

"Transfer analysis under Section 1404 is flexible and must be made on the unique facts presented in each case." Wm. H. McGee & Co., 6 F. Supp. 2d at 288 (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29-30 (1988)). Although Jumara's private factors do not weigh strongly in either direction, consideration of the public factors weighs decidedly in favor of

6

transfer.  The only significant connection New Jersey has to this case is Plaintiff's status as a New Jersey resident.  While the Court gives respect to Plaintiff's choice of forum, strong countervailing considerations militate in favor of transferring the case to the District of Arizona.  The Court will thus grant Defendants' motion in part.  The Court declines to decide any other issues presented in the motion to dismiss, which should be decided by the transferee court.  An appropriate order accompanies this opinion.

   s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated:  October 22, 2012